United States District Court
Southern District of Texas
**ENTERED**
August 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Leon Miller, | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:22-cv-03905 |
| Kilolo Kijakazi, Acting Commissioner, Social Security Administration, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Plaintiff Leon Miller has filed an unopposed motion requesting an award of attorneys' fees, costs, and expenses incurred in his successful challenge to an adverse ruling from the Social Security Administration under 42 U.S.C. § 405(g). Dkt. 19. As explained below, Plaintiff's motion is granted in part and denied in part.

## Analysis

### I. Miller is entitled to recover attorneys' fees.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees after successfully appealing a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that he is the prevailing party; (2) that he timely

filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances would make a fee award unjust. *Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)), *adopted by* 2021 WL 2188200 (S.D. Tex. May 28, 2021).

The course of proceedings shows that Miller is the prevailing party and that the agency's position was not substantially justified. First, the Court reversed and remanded the case to the Social Security Administration for an award of benefits under sentence four of 42 U.S.C. § 405(g), which makes Miller a prevailing party under the EAJA. *See* Dkt. 22 at 19; *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand to the agency pursuant to 42 U.S.C. § 405(g) confers plaintiff with prevailing party status). Indeed, the Commissioner does not oppose Miller's status as a prevailing party entitled to recover her attorneys' fees. Dkt. 20 at 1-2. The Commissioner also does not contend that her position was substantially justified. *See Reese*, 2021 WL 2188686, at *2 (making similar observation to conclude that position was not substantially justified); *see also, e.g.*, *Thomas v. Astrue*, 2009 WL 210484, at *1 (S.D. Tex. Jan. 26, 2009) (awarding attorneys' fees where, *inter alia*, "[t]he Commissioner does not contend that the government's position was substantially justified").

Miller also timely filed his motion for attorneys' fees within thirty days of when the district court's judgment became final. *See* 28 U.S.C.

§ 2412(d)(1)(B) (30-day deadline from final judgment); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 23 (Mar. 12, 2024 final judgment); Dkt. 19 (June 7, 2024 motion for fees). No special circumstances make a fee award unjust. An award of fees under the EAJA is therefore proper.

Miller's counsel spent a total of 42.6 hours working on her case—four hours in 2022 and the remainder (38.6 hours) in 2023.[1] Dkt. 24 at 4, 7, 13. This total exceeds what local courts have generally accepted, although that is not a hard-and-fast rule. *Compare Reese*, 2021 WL 2188686, at *2 ("[C]ourts typically award between 30 and 40 hours of work for Social Security appeals."), *with Norma Jane T. v. Saul*, 2021 WL 965910, at *2 (S.D. Tex. Mar. 15, 2021) (deeming 67.8 hours excessive and reducing figure to 57.8 hours). As addressed below, however, Miller has effectively reduced the number of requested attorney-hours to below 40, pursuant to his compromise with the Commissioner. The reduced figure is reasonable.

As for the hourly rate, Miller has shown that an increase to the standard hourly rate of $125.00 is warranted. Upward adjustments in the EAJA rate,

[1] Although the declaration of Miller's counsel discloses that she worked for a total of 46.6 hours on this appeal, *see* Dkt. 24 at 4, 7, his brief reduces the total figure to 42.6 hours, *see* Dkt. 24 at 13. This is apparently part of a compromise with the Defendant's counsel to reduce the total fee request. *See* Dkt. 24 at 5, 7 (explaining compromise).

which was last amended in 1996, are appropriate to account for increases to the cost of living. 28 U.S.C. § 2412(d)(2)(A) (authorizing courts to exceed $125/hour if "an increase in the cost of living or special factor ... justifies a higher fee"); *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992) (endorsing cost-of-living adjustments to EAJA hourly rate). Courts routinely use the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics to determine the appropriate adjustment. *See Deborah S. v. Comm'r of Soc. Sec.*, 2022 WL 393834, at *2-3 (S.D. Tex. Feb. 9, 2022) (applying CPI to determine appropriate hourly rate); *Reese*, 2021 WL 2188686, at *2 (same).

Although Miller's motion notes cost increases in the New York/New Jersey area where counsel's law firm is located, Dkt. 24 at 14-15, this case was filed in Houston. The inquiry therefore examines the average annual CPI in *this* region the last time the EAJA rate was changed, compares that rate to the average annual CPI for a given year in *this* locale when legal services were provided, calculates the percentage of the increase, and applies that percentage to determine the CPI-adjusted hourly rate for that particular year. *See Deborah S.*, 2022 WL 393834, at *2-3 & n.7 (explaining the calculation and applying CPI for Houston, where the case was filed, even though counsel was based in New York); *Norma Jane T.*, 2021 WL 965910, at *2 (same, where plaintiff's counsel was based in Pennsylvania).

The relevant data is the CPI for the Houston-The Woodlands-Sugar Land, Texas area. The base CPI rate in this area as of 1996 was 142.7.[2] The CPI-adjusted hourly rates are as follows:

- For 2022, the annual CPI was 181.26% higher than the base CPI (*i.e.*, 258.66/142.70), making the adjusted hourly rate $226.58 (*i.e.*, 1.8126 x $125).

- For 2023, the annual CPI was 187.53% higher than the base CPI (*i.e.*, 267.607/142.70), making the adjusted hourly rate $234.41 (*i.e.*, 1.8753 x $125).

The hourly rates sought by Miller—which vary from $235.00 to $240.00—exceed those figures. Thus, the Court will reduce those rates to the maximum (and therefore reasonable) local CPI-adjusted hour rates calculated above.

Multiplying the adjusted hourly rates to the claimed number of hours expended would yield a total of $906.32 in attorneys' fees for 2022 and $9,048.23 in fees for 2023. But as mentioned above, Miller reached an agreement with the Commissioner to reduce his total fee award to $9,000. *See* Dkt. 24 at 5, 7. In doing so, Miller has effectively reduced the claimed attorney hours to fewer than 40 hours, which the Court finds to be reasonable. *See* *Reese*, 2021 WL 2188686, at *2. The Court therefore grants Miller's request for an award of $9,000 in reasonable attorneys' fees.

---

[2] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area is available at the following link on the U.S. Bureau of Labor Statistics' website: https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=da ta&include_graphs=true (last visited August 8, 2024).

## II. Miller is also entitled to recover fees and expenses.

Miller also requests an award of $402.00 for the filing fee and $23.55 in certified mail costs incurred in this action. *See* Dkt. 24 at 4, 7, 16. The Commissioner does not oppose these requests. *See id.* at 5.

As the prevailing party, the EAJA authorizes Miller to recover his costs incurred pursuing this action. *See* 28 U.S.C. § 2412(a)(1). The term "costs" includes court filing fees. *See id.* (incorporating 28 U.S.C. § 1920); *id.* § 1920 (costs include filing fees). Miller is entitled to the requested filing fee.

In addition, Section 2412(d)(1)(A) authorizes Miller to recover "other expenses ... incurred" in the action. *See* 28 U.S.C. § 2414(d)(1)(A). Certified mail costs are recoverable EAJA expenses. *See Thomas H. v. Kijakazi*, 2023 WL 5191950, at *4 (S.D. Tex. Aug. 10, 2023) (authorizing "cost of certified mail postage"). Miller is entitled to recover $23.55 in certified-mail expenses.

## III. Payment must be made to Miller.

As a further request, Miller asks that the EAJA award be paid directly to his counsel based on his retainer agreement and a separate signed "Declaration and Assignment of EAJA Fee" attached to his application. *See* Dkt. 24 at 17; Dkt. 24-1 (PX-C). The Court denies Miller's request.

The Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, rather than the litigant's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 591-98 (2010); *see also Jackson v. Astrue*, 705 F.3d 527, 531 (5th

Cir. 2013). As the Fifth Circuit noted in *Jackson*, those "fees are also subject to an offset to satisfy any pre-existing debt that the litigant owes to the federal government." *See Jackson*, 705 F.3d at 531 n.11 (citing *Astrue*).

Following *Astrue* and *Jackson*, this Court has declined requests to have EAJA awards made payable to a litigant's counsel. *See Thomas H.*, 2023 WL 5191950, at *4 n.9 (disregarding plaintiff's signed waiver and denying request for direct payment to counsel). Likewise, many other decisions within this Circuit have ordered EAJA awards to be paid to the plaintiff "even if the plaintiff assigned his or her rights to the award to the attorney." *See Cardona v. Comm'r of Soc. Sec.*, 2023 WL 2577200, at *2 (W.D. Tex. Mar. 17, 2023) (collecting authorities), *adopted by* 2023 WL 2903980 (W.D. Tex. Apr. 11, 2023); *see also, e.g.*, *Valliere v. Comm'r of Soc. Sec.*, 2023 WL 6393876, at *3 & n.2 (S.D. Miss. Sept. 28, 2023) (following majority approach); *Adams v. Soc. Sec. Admin.*, 2022 WL 4119760, at *2 (E.D. La. Sept. 9, 2022) (rejecting counsel's request for direct payment notwithstanding plaintiff's waiver); *McCullough v. Saul*, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) (ordering payment of fees to plaintiff, despite his assignment of the fees to counsel).

The Court finds no reason to deviate from the prevailing view within this Circuit. Accordingly, EAJA fees and expenses must be payable to Miller, and not his counsel. "It will thereafter fall on [Miller] to satisfy whatever obligations [he] may have with respect to paying [his] counsel for litigating this

action." *See Arizmendez v. Colvin*, 2014 WL 2154052, at *1 (N.D. Tex. May 22, 2014); *see also, e.g.*, *Dieckow v. Saul*, 2020 WL 13441547, at *3 (W.D. Tex. July 17, 2020) (plaintiff's "assignment of an [EAJA] award to her attorney is a matter left for her and her attorney to resolve").

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Leon Miller's motion for attorneys' fees, costs, and expenses (Dkt. 19) is **GRANTED IN PART**, and that Miller be awarded $9,000.00 in attorneys' fees and $425.55 in costs and expenses, but **DENIED IN PART** with respect to the request that these sums be paid to Miller's counsel. It is **ORDERED** that Defendant must pay these amounts to Miller, but Defendant may send payment to Miller's counsel.

Signed on August 8, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge